LEWISTON FALLS MANUF. Co. *versus* FRANKLIN COMPANY.

Where the only relief sought to be obtained by a bill in equity is by way of injunction, the bill must specifically pray for an injunction, or it will be dismissed on demurrer.

BILL IN EQUITY.

The bill substantially charges that the complainants are owners of certain mills for manufacturing purposes, and of certain water rights in the Androscoggin river, therewith connected for the operation of the same, subject, however, to certain limitations, conditions and restrictions contained in the several deeds under which they claim ; that the respondents are part owners of the water and privileges of said river, the same having been conveyed to them long after the deeds under which the complainants hold ; that the respondents have, since said grants to the complainants, erected certain water tight dams and canals upon said river above the complainants' works, for the purpose of operating certain factories other than the complainants' ; that the re-

spondents, for the purpose of working the complainants' mills, have erected a gate and sluiceway in said dams for the passage of water at all times thereto, (as by law they were obliged to do,) and, through which sluiceway the water of said river did actually flow at all times, until Oct. 4, 1865, when, without lawful right, excuse or notice, the respondents closed said gate and sluiceway, and thus stopped the water of said river from flowing to the complainants' mills, and thereby deprived them of all use of said water, and still continuing to do so at the date of said bill, (Oct. 9,) thereby causing great injury and loss to the complainants.

The complainants allege that they further show that said respondents ought to be compelled forthwith to open said gate and sluiceway, and be forever restrained from closing the same, and opposing any other obstruction to a free and full flow and passage of said water to their mills, by an injunction. The prayer of the bill is, that the respondents may make full answer, &c., that the complainants "may have such further or other relief in the premises as the nature of the circumstances of this case may require;" and for subpoena, &c.

Notice was ordered upon the bill Oct. 10, 1865, returnable Oct. 12, when, upon a hearing before DAVIS, J., a temporary injunction was issued.

At the January term, the respondents filed a demurrer which was joined.

*T. A. D. Fessenden* and *Wm. P. Frye,* for the complainants.

There is a prayer for the writ, and the necessity for it is clearly and concisely stated in the bill. Rule 29. The language of the bill imports a prayer. There is an asking for the injunction, though not perhaps in a strictly technical form. The Court can understand from the language what is desired. " Should be clearly and concisely stated," &c., means " ought to be clearly," &c.

" When special orders and personal processes are required,

founded on particular circumstances, such as writs of injunction, &c., they are usually made the subjects of special prayer." Equity Draftsman, 5. Though the complainant should mistake the relief to which he is entitled in his special prayer, the Court may yet afford him the relief to which he has a right under the prayer for general relief, provided it is such a relief as is agreeable to the case made by the bill. Story's Eq. Pl., § 40; *Franklin* v. *Greene,* 2 Allen, 519.

The bill sets out a "nuisance," although it does not contain the word. *Bardwell* v. *Ames,* 22 Pick., 333; *Ballou* v. *Hopkinton,* 4 Gray, 327, and thus affirmatively sets forth a case within the equity jurisdiction of the Court. What is termed the "jurisdiction clause" is not necessary; and if the bill is in other respects sufficient it will be sustained. Eq. Draftsman, 5, which cites Story's Eq. Pl., §§ 10-34. The bill itself must state a case within the proper jurisdiction of a court of equity. *Chase* v. *Palmer,* 12 Shepley, 341. See also *May* v. *Parker,* 12 Pick., 34; *Wright* v. *Dame,* 22 Pick., 55.

"Independent power," as used in *Smith* v. *Ellis,* 29 Maine, 422, means a power independent of the equity jurisdiction of the Court, or of a bill in equity. The Court in that case do not deny their power to grant an injunction as a distinct or independent thing, in a case of equity jurisdiction provided for by statute upon a bill in equity.

*H. C. Goodenow & J. W. May,* for the respondents.

APPLETON, C. J.—The only relief sought to be obtained by this bill is by way of injunction. The bill, however, does not pray specifically for an injunction.

The law seems well established in such case. An injunction will not ordinarily be granted under a prayer for general relief. It must be specifically prayed for. Story on Eq. Plead., § 41. The prayer for an injunction must not only be in the prayer for relief, but in the prayer for process. *Wood* v. *Bradell,* 3 Sim., 273. When a bill prays for relief by way of injunction, but does not pray for the process

of injunction, the process cannot be granted. *Union Bank* v. *Kerr*, 2 Maryland Chancery Decisions, 460.

*Demurrer sustained.*

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concured.